UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTHOSHI KODIMANGALAM SHANKAR RAM et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH EDLOW, Director, U.S. Citizenship and Immigration Services,<br><br>Defendant. | CASE NO. 2:25-cv-01887-JNW<br><br>ORDER |

This case concerns the alleged unreasonable delay by United States Citizenship and Immigration Services (USCIS) in adjudicating Plaintiffs' applications for adjustment of status based on their participation in the EB-5 Immigrant Investor Program. Dkt. No. 16. Plaintiffs are Santhoshi Kodimangalam Shankar Ram and Vinod Murali, a married couple, and GV, their minor child. Ram, Murali, and GV are citizens of India residing in Washington state. Dkt. No. 16 ¶¶ 1–3. On January 30, 2025, Ram filed a Form I-526E with USCIS. That same day, Ram, her husband, and child concurrently filed Forms I-485, I-131, and I-765 with USCIS. *Id.* ¶¶ 48–49. Plaintiffs allege that they have satisfied all the statutory

prerequisites for adjustment of status and that the forms have remained unadjudicated for an unreasonable amount of time, violating the Administrative Procedure Act (APA), which requires agencies to conclude matters within a reasonable period of time, 5 U.S.C. § 555(b) and § 706(1). As of the date of this order, the Forms I-485 have been pending about 18 months. *Id.* ¶ 49.

Plaintiffs argue that the delay has caused their family significant harm including restrictions on employment, family separation, and the risk of diminished returns on their investments. They ask the Court to order USCIS to adjudicate their pending Form I-485 petitions within thirty days. Dkt. No. 16 ¶ 134.

Before the Court is Defendant Joseph B. Edlow, Director of USCIS's motion to dismiss Plaintiffs' complaint, Dkt. No. 19, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court has jurisdiction to hear the claim but concludes the delay is not yet unreasonable.

## 1. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction, while a motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction and must allege facts sufficient to demonstrate that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial jurisdictional attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient

on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating such a motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. It does not accept legal conclusions dressed up as facts. *Id.* at 681. And when matters outside the pleadings are presented on a Rule 12(b)(6) motion and not excluded by the Court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

## 2. DISCUSSION

### 2.1 The Court has subject matter jurisdiction over Plaintiffs' "pace-of-adjudication" claim.

Defendant argues that the Court must dismiss this case under Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the APA, at 5 U.S.C. §§ 555(b) and 706(1), and under the INA at 8 U.S.C. § 1252(a)(2)(B)(ii). USCIS relies on *Patel v. Garland*, 596 U.S. 328, 348 (2022) and *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024), which dealt with challenges to final decisions on applications for immigration relief under § 1252(a)(2)(B)(i). However, Defendant concedes that neither the Supreme Court nor the Ninth Circuit have addressed pace-of-adjudication claims under § 1252(a)(2)(B)(ii). This case is different—it concerns the pace of adjudicating an application on which the agency has made no final decision at all. Many district

courts have recognized this as an important distinction. *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *3 (N.D. Cal. Apr. 8, 2026) (recognizing distinction between *Zia* and *Patel* and case involving pending application that was not yet final); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026) (same); *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1114 (C.D. Cal. 2025) (extreme and perpetual delays, although not present, may be subject to judicial review).

The Court knows that several circuits have reached the opposite conclusion, holding that § 1252(a)(2)(B)(ii) strips jurisdiction over pace-of-adjudication claims for I-485 applications. *See Kanapuram v. Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). The Ninth Circuit has not adopted that position. In the absence of controlling circuit authority, this Court follows the reasoning of many district courts within this circuit, which have held that USCIS has a non-discretionary duty to adjudicate petitions within a reasonable period of time. *Khan v. Johnson*, 65 F. Supp. 3d 918, 924–25 (C.D. Cal. 2014) (collecting cases); *Hassane v. Holder*, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) (agreeing with the "overwhelming majority of district courts" that § 1252(a)(2)(B)(ii) does not bar similar claims of unreasonable delay). As these courts have explained, to "hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law." *Khan*, 65 F. Supp. 3d at 925 (citation modified).

The cases that Defendant relies on are distinguishable. *Patel*, *Zia*, and *Garcia v. USCIS*, 146 F.4th 743 (9th Cir. 2025), each involved judicial review of "factual findings and other preliminary decisions made in connection with final

decisions on individual applications for immigration benefits." *See Varniab*, 2026 WL 485490, at *6. Those cases did not address the situation presented here—a pending, unadjudicated application on which the agency has taken no final action. A failure to act on an I-485 application falls within the APA's default rule: "'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'" *Gao*, 2026 WL 948665, at *3.

The Court concludes that § 1252(a)(2)(B)'s jurisdictional bar does not apply and DENIES Defendant's Rule 12(b)(1) motion.

**2.2 The Court excludes the Boatright declaration.**

Defendant filed a declaration from a USCIS section chief along with its motion. Dkt. No. 20. Plaintiffs ask the Court either to disregard the declaration or to convert the motion into one for summary judgment and deny it under Rule 56(d). Dkt. No. 22 at 11–13.

The Court takes the first path. Rule 12(d) requires conversion only when matters outside the pleadings are "presented to and *not excluded by the court*[.]" Fed. R. Civ. P. 12(d) (emphasis added). The Court excludes the declaration and does not rely on it. *See Marquez v. Adobe, Inc.,* No. 25-CV-06562-NC, 2026 WL 886617, at *7 (N.D. Cal. Mar. 31, 2026) (declining to consider materials outside the pleadings on a Rule 12(b)(6) motion). Because there is no conversion, Plaintiffs' Rule 56(d) request is moot. And nothing that follows turns on the declaration—the facts that

decide this motion come from the amended complaint and the receipt notices attached to it.

**2.3 The delay in adjudication has not been unreasonably long.**

Jurisdiction to hear a delay claim is not a ruling that the delay is unlawful. Even though the Court has jurisdiction, dismissal is appropriate because it is clear on the face of the complaint that the delay does not amount to an APA violation. For cases alleging unreasonable delay in processing immigration applications, courts in the Ninth Circuit apply a six-factor test for determining when an agency delay is unreasonable. These are known as "the 'TRAC factors,' which are named after the case in which they originated, *Telecommunications Research & Action Ctr. v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984)." *Khan*, 65 F. Supp. 3d at 928. The six factors that the Court must balance are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.*

Plaintiffs say this analysis does not belong at the pleading stage, because unreasonable delay claims turn on facts the agency alone holds. Dkt. No. 22 at 13–15. The concern has force in an ordinary case, but courts in this circuit routinely weigh the TRAC factors on a motion to dismiss where the length of the delay is undisputed, and discovery would not change it. *See, e.g.*, *Liu v. Denayer*, No. CV 21-6653-DMG-MRWx, 2022 WL 17370527, at *5–6 (C.D. Cal. July 18, 2022); *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1253–54 (S.D. Cal. 2024).

**2.3.1 The first factor.**

The first factor considers "whether the time for agency action has been reasonable." *Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020). It is the "most important" factor, "though it, like the others, is not itself determinative." *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017). Plaintiffs' Form I-485 applications have been pending since January 30, 2025—approximately 18 months as of this order.

That duration is not unreasonable. For adjustment of status applications, courts have consistently found delays of comparable or far greater length to be reasonable. *See, e.g.*, *Qureshi v. Napolitano*, No. C-11-05814-YGR, 2012 WL 2503828, at *4 (N.D. Cal. June 28, 2012) (collecting cases finding delays of four years or less to be reasonable, finding that delay of five years was unreasonable where government provided no indication of when the plaintiff could anticipate adjudication of petition); *Liu*, 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022)

(dismissing APA claim, highlighting that 1.5-year delay in adjudicating plaintiff's application for adjustment of status "is simply much shorter than those which courts have typically found to be unreasonable"). Plaintiffs cite no case holding a delay of this length unreasonable.

The first factor, the most important one, favors Defendant.

### 2.4 The second factor.

The second factor favors Defendant because there is no statutory timeframe by which USCIS must adjudicate Form I-485 applications. Plaintiffs' reliance on the EB 5 Reform and Integrity Act of 2022 and the "sense of Congress' " language at 8 U.S.C. § 1571(b) are irrelevant here as neither creates a timeframe by which USCIS must adjudicate Form I-485 applications. This factor also favors Defendant.

### 2.5 The third and fifth factors.

The third and fifth TRAC factors look to "the interests prejudiced by the delay," including how it impacts "human health and welfare." *TRAC*, 750 F.2d at 80. Courts typically consider these factors together. *See Najafi v. Pompeo*, 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). Plaintiffs allege ongoing hardship because they are advised not to travel internationally, which has prevented them from visiting elder family members in India. Dkt. No. 16 ¶ 60. Plaintiff Murali has recently lost his job and the longer the application processing takes, the more likely he faces the possibility of gaps in his work authorization and interruptions to his career. *Id*. ¶ 61. Plaintiffs' return on investment prospects are increasingly less

profitable the longer their applications remain pending. *Id.* ¶ 58. These concerns are not insignificant, but they are also the kind of hardships common to many applicants awaiting adjustment of status and do not rise to the human health and welfare harms that would require finding these factors in Plaintiffs' favor. Thus, these factors favor Defendant.

**2.6 The fourth factor.**

Under this factor, the Court considers "whether compelling the agency to act would detract from its higher or competing priorities." *Vaz*, 33 F.4th at 1138. Courts typically consider these factors together. *See Najafi v. Pompeo*, 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). Plaintiffs argue that compelling agency action would not affect USCIS activity of a higher or competing authority. Dkt. No. 16 ¶ 112–121. But this ignores the reality that an order requiring Defendant to adjudicate Plaintiffs' applications would both prioritize Plaintiffs at the expense of similarly situated applicants and interfere with USCIS's "discretion in prioritizing its activities and allocating its resources." *Vaz*, 33 F.4th at 1138. This factor favors Defendant.

**2.7 The sixth factor.**

The sixth factor is "not really a 'factor,' but merely a confirmation that agency delay need not be intentional to be unreasonable." *Feng v. Beers*, 2014 WL 1028371, at *5 (E.D. Cal. Mar. 14, 2014). It focuses "not on the delay itself, but whether the reason behind the delay is improper (e.g., intentional, motivated by animus.)"

*Infracost Inc*, 732 F. Supp. 3d 1257. Plaintiffs argue this factor is neutral and the Court agrees.

In sum, the TRAC factors favor dismissal of Plaintiffs' "pace of adjudication" claim.

## 3. CONCLUSION

Defendant asks the Court to dismiss without leave to amend. Dkt. No. 19 at 15. On this record, further amendment would be futile. No additional allegation about how USCIS orders its work can shorten the wait, and the wait is what decides the case. Plaintiffs have already amended once with Defendant's consent. The dismissal is nonetheless without prejudice, because time keeps running. A delay that is reasonable today may not be reasonable a year from now, and nothing in this order stops Plaintiffs from returning to court if their wait becomes one the law will not tolerate.

Accordingly, Defendant's motion to dismiss is GRANTED. Dkt. No. 19. The case is DISMISSED WITHOUT PREJUDICE and the Clerk is directed to close the case.

Dated this 3rd day of August, 2026.

Jamal N. Whitehead
United States District Judge